**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JUAN C. MONTALBA                                                            PLAINTIFF
ADC #161935


v.                                        4:17cv00642-BSM-JJV


PULASKI COUNTY
DETENTION FACILITY                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States

District Judge Brian S. Miller.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of the findings and recommendations.  The copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      INTRODUCTION

Juan C. Montalba ("Plaintiff") is incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He alleges Defendant Pulaski County Detention Facility failed to protect him from an attack by another detainee during his confinement in that facility.  (*Id*. at 4.)  After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.     SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner

has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

Plaintiff names only one Defendant in this action:  the Pulaski County Detention Facility.  As a department of local government, the jail is not a juridical entity amenable to suit under § 1983.  *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).  Additionally, Plaintiff's allegations are the subject of another pending action.  In *Montalba v. Drummond, et al.*, Case No. 4:17CV00301-JM-JTR, Plaintiff has been granted leave to proceed on his failure to protect claims against individual officers at the Pulaski County Detention Facility.  Those claims arise from the same December 2, 2015, detainee attack that forms the basis of Plaintiff's claim in this case.  *See Montalba v. Drummond, et*

*al.*, Doc. Nos. 6, 9, 13. If Plaintiff desires to further amend his Complaint in the other action, he is free to request leave to do so.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 16th day of October, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."